SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Lance Leonard Jones,**<br>Petitioner<br>-vs-<br>**Ivan Bartos, et al.,**<br>Respondent(s) | CV-07-0164-PHX-NVW (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 24, 2007 (#1).  On April 17, 2007, Respondents filed their Answer (#9), asserting that the Petition is untimely.   Petitioner filed a Traverse on May 16, 2007 (#10).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PROCEEDINGS AT TRIAL

Petitioner was convicted at trial in the Maricopa County Superior Court on five counts of sale of marijuana, one count of transfer of marijuana, one count of misconduct involving weapons, one count of kidnaping, and one count of armed robbery.   (Exhibit A, Memorandum Decision at 1-2.)  (Exhibits to the Answer, #9, are referenced herein as "Exhibit ___.")  Petitioner was sentenced as a repetitive offender to concurrent prison terms,

1    the longest being 15.75 years on the armed robbery and kidnaping convictions.  (*Id.* at 2;

2    Exhibit B, Sentence 12/1/00.)

3

4    **B.  PROCEEDINGS ON DIRECT APPEAL**

5            Petitioner filed a direct appeal, which was denied by the Arizona Court of Appeals on

6    January 29, 2002.  (Exhibit A, Order 1/29/02.)  Petitioner then sought review by the Arizona

7    Supreme Court, which was denied by an order dated July 16, 2002.  The Arizona Court of

8    Appeals issued it's Mandate on November 6, 2002.  (Exhibit A, Order and Mandate; Petition

9    #1, Exhibit 1, Order 7/17/02.)[1]

10           Petitioner obtained a delay of the issuance of the mandate to seek a *writ of certiorari*.

11   (Petition Exhibit 1, Order 8/20/20.)  However, there being no record to the contrary, the

12   undersigned finds that Petitioner ultimately did not seek *certiorari* review by the U.S.

13   Supreme Court.

14

15   **C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

16           On December 2, 2002, Petitioner instituted his first post-conviction proceeding by

17   filing a Notice of Post-Conviction Relief.[2]  (Exhibit  C, Superior Court Docket; Petition, #1

18   at 2.)  Petitioner never filed his petition for post-conviction relief and that proceeding was

19   ultimately dismissed by the trial court on March 13, 2003.  (Exhibit C, Sup. Ct. Docket;

20   Exhibit D, M.E. 3/12/03.)

21           Petitioner then sought, on May 27, 2003, review by the Arizona Court of Appeals,

22

23           [1] The undersigned notes that although the decision was made by the Arizona Supreme
     Court on July 16, 2002, the order was not issued until July 17, 2002.  Because of Columbus
24   Day, October 14, 2002, the conclusion of the 90 day period for a writ of certiorari would
     have occurred on October 15, 2002, whichever date is utilized.
25

26           [2] Petitioner alleges in his Traverse that this notice was filed on December 29, 2002.
     (#10 at 3, 6.)  Indeed, a review of the Superior Court docket reflects a second, superseding
27   notice of PCR being filed on that date.  (Exhibit C at 1.)  Because it does not affect the
     outcome, the undersigned  adopts the earlier date, which is more advantageous to Petitioner,
28   as the date that Petitioner's first PCR proceeding was commenced.

1    which was denied by an order dated June 14, 2004, and filed with the Superior Court on  July

2    22, 2004.[3]  (Petition Exhibit 1, Order 6/14/04; Exhibit C, Sup. Ct. Docket.)   Petitioner

3    apparently did not seek review by the Arizona Supreme Court.[4]  (*Id.*)

4

5    **D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

6          Petitioner then instituted his second post-conviction proceeding by filing a second

7    Notice of Post-Conviction Relief on May 19, 2005.[5]  (Exhibit F, Notice and Petition; Exhibit

8    C, Sup. Ct. Docket; Exhibit E, M.E. 6/27/05.) On June 27, 2005, that petition was dismissed

9    as untimely and on the basis of Arizona's preclusion rule, Ariz. R. Crim. P. Rule 32.2(a).

10   (Exhibit E, M.E. 6/27/05.)

11         On July 12, 2005, Petitioner sought review by the Arizona Court of Appeals.  (Exhibit

12   C, Sup. Ct. Docket.)  The Arizona Court of Appeals denied review by an Order issued June

13   19, 2006 and  filed with the Superior Court on August 8, 2006.  (Petition Exhibit 1, Order

14   6/19/06; Exhibit C, Sup. Ct. Docket.) Petitioner did not seek review by the Arizona Supreme

15   Court.  (Exhibit C, Sup. Ct. Docket.)

16   / /

17

18   _____

19        [3]  Petitioner alleges in his Traverse that the date of filing was the date of the denial.
     Petitioner presents nothing to support that allegation, which contradicts the records produced
20   by Respondents.

21        [4]  Petitioner alleges in his Petition that he did seek review by the state supreme court.
     However, he provides no dates of filing, decision, etc. and merely references *"Swoopes v.*
22   *Sublett* - Petition Writ of Habeas Corpus § 2254".  (Petition, #1 at 2.)  While *Swoopes*, 196
     F.3d 1008, 1010 (9th Cir.1999), impacts whether presentation to the Arizona Court of
23   Appeals was sufficient for exhaustion purposes, it does not affect the statute of limitations
24   tolling analysis pertinent to the recommendation in this case.

25        [5]  Petitioner alleges in his Petition that he filed his second post-conviction proceeding
     on March 13, 2003.  (Petition #1 at 2. *See also* Traverse, #10 at 3 (asserting filing on "12
26   March 2008").)  However, that is not reflected in the Superior Court's Docket (Exhibit C),
     and Petitioner relates the resolution to the June 19, 2006 denial of his Petition for Review
27   (Petition #1 at 2.)  Accordingly, it appears that Petitioner is referring to his petition for
     review on his original PCR proceeding, and not to the filing of his second PCR.
28

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner commenced the current habeas proceeding by filing his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, dated January 19, 2007,  on January 24, 2007 (#1).  The Court's service Order (#3) summarizes the petition as follows:

> Petitioner challenges the sentences imposed with respect to his convictions and specifically the use of two prior California felony convictions. In **Ground I**, Petitioner alleges a violation of the Fifth, Sixth, and Fourteenth Amendments. Petitioner alleges that the trial court erroneously construed the priors as separate for enhancement purposes and that, in fact, they were committed on the same occasion and should have counted as only one. In **Ground II**, Petitioner alleges a violation of his Fifth and Sixth Amendment rights. He argues that the aggravating factor was not submitted to the jury or contained in the indictment and that the court erroneously found the "identity issue," although it was not possible to determine the operative facts without an evidentiary hearing. In **Ground III**, Petitioner alleges a violation of his Fifth and Sixth Amendment rights. He alleges that the trial court failed to state sufficient reasons on the record for using the two California priors rather than one and thus impermissibly shifted the burden to Petitioner by using the two priors, the allegation of "on probation," and the allegation of "dangerous offense" to enhance the sentence.

(Order 2/1/07, #3 at 1-2 (emphasis added).)

Respondents filed their Answer (#9) on April 17, 2007, asserting that after allowing all permitted statutory tolling, Petitioner's Petition is untimely, and his claims are procedurally defaulted.

Petitioner filed his Traverse (#10) on May 16, 2007.  Petitioner makes a series of arguments addressing the merits of his claims, and asserting that his PCR proceeding was "of right" and therefore the equivalent of direct review.


**III. APPLICATION OF LAW TO FACTS**

**A.  STATUTE OF LIMITATIONS**

**1.   One Year Limitations Period**

Respondents assert, *inter alia*, that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C.

1   § 2244(d).     Prior to the AEDPA's enactment "state prisoners had almost unfettered

2   discretion in deciding when to file a federal habeas petition" and that "delays of more than

3   a decade did not necessarily bar a prisoner from seeking relief."  In *Calderon v. U.S. District*

4   *Court,* 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled on other grounds*, 163 F.3d 530 (9th

5   Cir. 1998) (real party-in-interest was Rodney Gene Beeler)(hereinafter "*Beeler*").   Now,

6   however, petitions filed beyond the one year limitations period are barred and must be

7   dismissed.  28 U.S.C. § 2244(d)(1).

8

9   **2.  Commencement of Limitations Period**

10       **Direct Review** - The one-year statute of limitations on habeas petitions generally

11  begins to run on "the date on which the judgment became final by conclusion of direct review

12  or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the

13  the Arizona Supreme Court denied review on Petitioner's direct appeal on July 16, 2002.

14  (Exhibit A.)  However, "direct review" includes the period within which a petitioner can file

15  a petition for a writ of certiorari from the United States Supreme Court, whether or not the

16  petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th

17  Cir.1999).  Rule 13, Rules of the Supreme Court of the United States, establishes the time

18  limit for filing a petition for a writ of certiorari.

19              Unless otherwise provided by law, a petition for a writ of certiorari .
                . . is timely when it is filed with the Clerk of this Court within 90 days
20              after entry of the judgment. A petition for a writ of certiorari seeking
                review of a judgment of a lower state court that is subject to
21              discretionary review by the state court of last resort is timely when it is
                filed with the Clerk within 90 days after entry of the order denying
22              discretionary review.

23  U.S.S.Ct. R. 13(1).

24       Accordingly, because a petition for a writ of certiorari was not filed, Petitioner's direct

25  review period ended, and the statute of limitations commenced running, 90 days after entry

26  of the Arizona Supreme Court's July 16, 2002 order denying discretionary review, or on

27

28

1    Tuesday, October 15, 2002.[6] His one year began running the following day, and Petitioner

2    had, at a minimum, one year thereafter to file his habeas petition.

3         **Rule 32 Proceedings "of Right"** - Petitioner argues in his Traverse, that because

4    Arizona's constitution guarantees a right of appeal, that a Rule 32 PCR petition made as of

5    right is the equivalent of direct appeal, and therefore his conviction was not final until

6    conclusion of proceedings on his PCR petition. (#10 at 1, 5-6.)  *See Summers v. Schriro,* 481

7    F.3d 710, 716-717 (9th Cir. 2007) ("Arizona's Rule 32 of-right proceeding for plea-convicted

8    defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)").

9         Here, however, Petitioner's PCR petition was not "of right."   Arizona Rule of

10   Criminal Procedure 32.1 defines when a petition is "of-right":

11        Any person who pled guilty or no contest, admitted a probation
          violation, or whose probation was automatically violated based upon a
12        plea of guilty or no contest shall have the right to file a post-conviction
          relief proceeding, and this proceeding shall be known as a Rule 32
13        of-right proceeding.

14   Petitioner did not plead guilty or no contest, but was convicted following a jury trial.

15   (Exhibit A, Memorandum Decision at 1-2.) *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074,

16   n. 4 (9th Cir. 2007) (distinguishing *Summers* on the basis that conviction had been by trial not

17   plea, and thus Rule 32 proceedings were not "of right").   Accordingly, Petitioner's

18   subsequent, not-of-right PCR petition does not survive to delay the finality of his conviction

19   beyond the conclusion of his direct appeal.

20        **Delayed Mandate** - The undersigned notes that the Arizona Court of Appeals'

21   mandate did not issue until November 6, 2002.  (Exhibit A, Order and Mandate.)  Absent

22   state law to the contrary, an appeal is deemed concluded upon the decision of the state court,

23   and not upon issuance of its mandate.  *See Wixom v. Washington,* 264 F.3d 894, 897-98 (9th

24   Cir. 2001) (Washington state rule made appeal final on issuance of decision); *Bunney v.*

25   *Mitchell,* 262 F.3d 973 (9th Cir. 2001) (California rule made decision final 30 days after

26

27        [6] Using the July 16, 2002 date for issuance of the Arizona Supreme Court's order, the
     90 day period would have ordinarily run on Monday, October 14, 2002.  However, that day
28   was Columbus Day.

1   issuance of decision); *White v. Klitzkie,* 281 F.3d 920, 924 n.1 (9th Cir. 2002)(absent rule to

2   contrary, date of decision not mandate controls).  The Ninth Circuit recently addressed the

3   application of *White*, *Wixom* and *Bunney* to the Arizona criminal appeals process in

4   *Hemmerle v. Schriro*, 495 F.3d 1069 (2007).  The court found that the petitioner's "direct

5   appeal was final upon the expiration of the time for seeking review of the Court of Appeals

6   decision in the Arizona Supreme Court" and did not continue until issuance of the mandate

7   by the Arizona Court of Appeals. *Hemmerle,* 495 F.3d at 1073 -1074.

8   Moreover, the time for filing a petition for writ of certiorari is not extended by the

9   time between the issuance of an order denying a petition for review by the Arizona Supreme

10  Court, and the issuance of and order and mandate by the Arizona Court of Appeals.

11  The time to file a petition for a writ of certiorari runs from the date of
    entry of the judgment or order sought to be reviewed, and not from the
12  issuance date of the mandate (or its equivalent under local practice).

13  U.S.S.Ct. R. 13(3).

14  **New Claims** - While the finality of the conviction is the normal commencement date

15  for the habeas limitations period, the statute does provide an exception for changes in the

16  law.  Petitioner's second ground for relief asserts a "significant change in the law" based

17  upon the decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New*

18  *Jersey,* 530 U.S. 466 (2000).  Section 2244(d)(1)(C) provides that the period can run from

19  "the date on which the constitutional right asserted was initially recognized by the Supreme

20  Court, if the right has been newly recognized by the Supreme Court and made retroactively

21  applicable to cases on collateral review."

22  Here, Petitioner's direct review ended on July 16, 2002.  This was long after the June

23  26, 2000 decision in *Apprendi* and before the 2004 decision in *Blakely*.  Because it was long

24  after *Apprendi*, Petitioner's reliance on that case does not affect his limitations period.

25  Because it was before *Blakely*, it *could* serve to provide a later commencement date, but only

26  if *Blakely* has been "made retroactively applicable to cases on collateral review." 28 U.S.C.

27  § 2244(d)(1)(C).

28  In *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that

1   *Apprendi* was not retroactively applicable on habeas review, under the retroactivity standards

2   established by *Teague v. Lane,* 489 U.S. 288, 308-310 (1989) (decisions establishing new

3   rules of criminal procedure are not to be applied retroactively on habeas review, absent

4   certain circumstances).    Similarly, in *Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004), the

5   Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively

6   applicable on habeas.    Accordingly, the later decision in *Blakely* does not delay the

7   commencement of Petitioner's one year limitations period.

8        **Expiration of Year** - Accordingly, Petitioner's conviction became final upon

9   expiration of his time for *certiorari* review by the Supreme Court, on October 15, 2002.

10   Barring any applicable tolling, Petitioner's limitations period would have commenced

11   running thereafter, and expired one year later on October 15, 2003.

12

13   **2. Statutory Tolling**

14        The AEDPA provides for tolling of the limitations period when a "properly filed

15   application for State post-conviction or other collateral relief with respect to the pertinent

16   judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statutory tolling applies during

17   the entire time during which the application is pending, including interludes between various

18   stages of appeal on the application.  The "AEDPA statute of limitations [is] tolled for 'all of

19   the time during which a state prisoner is attempting, through proper use of state court

20   procedures, to exhaust state court remedies with regard to a particular post-conviction

21   application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v.

22   Lemaster*,  167 F.3d 1321, 1323 (10th Cir.1999)).

23        Although the Ninth Circuit has yet to directly address this issue, a number of other

24   circuits have held that statutory tolling under 28 U.S.C. § 2244(d) also continues through the

25   time that further state review *could* have been sought on a state post-conviction  relief

26   petition, even though it was not sought. *See e.g. Bennett v. Artuz*, 199 F.3d 116, 119-20 (2d

27   Cir.1999), *aff'd on other grounds,* 531 U.S. 4, (2000)*; Swartz v. Meyers*, 204 F.3d 417,

28   420-24 (3d Cir.2000); *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999); *Williams v. Bruton,*

- 8 -

1   299 F.3d 981, 983 (8th Cir. 2002); *Serrano v. Williams*, 383 F.3d 1181 (10th Cir.2004); and

2   *Cramer v. Secretary, Dept. of Corrections,* 461 F.3d 1380, 1383 (11th Cir. 2006). *Cf. Wilson*

3   *v. Battles,* 302 F.3d 745, 748 (7th Cir. 2002) (Illinois Supreme Court decision not pending

4   until time for petition for rehearing expires, because state law makes decision final, and

5   rehearing is a reopening not a continuation of review).  Moreover, the Ninth Circuit has cited

6   approvingly the Second Circuit's formulation, that "a state petition is 'pending' . . . until .

7   . .further appellate review is unavailable." *Saffold v. Newland,* 250 F.3d 1262, 1264 (9th Cir.

8   2000), overruled on other grounds, *Carey v. Saffold*, 536 U.S. 214 (2002) (quoting *Bennett*,

9   199 F.3d at 120).

10       The time for further federal *certioari* review is clearly not included in tolling under

11   § 2244(d)(2).  *Lawrence v. Florida*  127 S.Ct. 1079, 1083 (2007).

12       **Tolling for First PCR Proceeding** - Here, Petitioner's first PCR petition was pending

13   at least from December 2, 2002, when Petitioner instituted his first post-conviction

14   proceeding by filing a Notice of Post-Conviction Relief.  (Exhibit C, Superior Court Docket;

15   Petition, #1 at 2.)  *See Isley v. Arizona Department of Corrections,* 383 F.3d 1054, 1055-56

16   (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate

17   that the proceedings begin with the filing of the Notice.").  Petitioner's PCR Petition

18   remained pending at least until the Arizona Court of Appeals was denied review by an order

19   dated June 14, 2004.  (Petition Exhibit 1, Order 6/14/04; Exhibit C, Sup. Ct. Docket.)

20       Thereafter, Petitioner had 15 days to file for a motion for rehearing, or 30 days to file

21   a petition for review by the Arizona Court of Appeals.  Ariz. R. Crim. P. 32.9(a) and (b).

22   Petitioner did not do either.  Because it does not affect the outcome, the undersigned

23   presumes that Petitioner's PCR petition remained pending until the expiration of his 30 days

24   to file a petition for review by the Arizona Supreme Court, or until July 14, 2004.

25       Accordingly, for purposes of this Report & Recommendation, the undersigned

26   concludes that Petitioner's one year was tolled on the basis of his first PCR for no more than

27   the period December 2, 2002 until July 14, 2004.  As of December 2, 2002, Petitioner had

28   utilized 48 days of his one year, leaving him 317 days.  Therefore, upon conclusion of his

1   PCR proceeding on July 14, 2004, Petitioner would have ordinarily had until May 14, 2005
2   to file his federal habeas petition. That day being a Saturday, Petitioner had until the
3   following Monday, May 16, 2005.

4   **Tolling for Second PCR Proceeding** - Petitioner instituted his second post-
5   conviction proceeding by filing a second, *pro se* Notice of Post-Conviction Relief on May
6   19, 2005.  (Exhibit F, Notice and Petition; Exhibit C, Sup. Ct. Docket; Exhibit E, M.E.
7   6/27/05.)

8   The undersigned notes that this Notice was dated May 16, 2005.  For purposes of
9   calculating tolling under § 2244(d), the federal prisoner "mailbox rule" applies.  Under this
10  rule, a prisoner's state filings are deemed "filed" when they are delivered to prison officials
11  for mailing.  *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir. 2000).  It seems unlikely that
12  Petitioner filed this *pro se* Notice other than by delivering it to prison officials.  Because it
13  does not affect the outcome, the undersigned presumes that Petitioner's second PCR notice
14  was actually delivered to prison officials on its execution date, and consequently presumes
15  for purposes of this Report & Recommendation that May 16, 2005 was the filing date of the
16  Notice.[7]

17  However, on June 27, 2005, that petition was dismissed as untimely and on the basis
18  of Arizona's preclusion rule, Ariz. R. Crim. P. Rule 32.2(a).  (Exhibit E, M.E. 6/27/05.)  For
19  a state application to toll the statute of limitations, it must be "properly filed."  28 U.S.C. §
20  2244(d)(2).  In *Pace v. DiGuglielmo*,  544 U.S. 408 (2005), the Supreme Court held "that
21  time limits, no matter their form, are 'filing' conditions. Because the state court rejected
22  petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to
23  statutory tolling under § 2244(d)(2)." *Id.* at 417.  The fact that Petitioner's PCR Petition was

24

25      [7]  Without the assumption that Petitioner's second PCR notice was filed as of its
26  signature date, it would have been filed at least 3 days after the latest possible expiration of
    Petitioner's one year on May 16, 2005.  Once the statute has run, a subsequent
27  post-conviction or collateral relief filing does not reset the running of the one year statute.
    *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820,
28  823 (9th Cir. 2003).

not dismissed solely on the basis of its untimeliness is irrelevant. *See Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (holding that state court alternative rulings did not make petition timely, and thus "properly filed," under state law).  Accordingly, even if it is assumed that Petitioner's second PCR Notice had been filed before the expiration of his one year, because it was deemed untimely, it was not "properly filed" and therefore did not toll the running of Petitioner's one year.

Petitioner's subsequent petitions for review to the Arizona Court of Appeals and Arizona Supreme Court did not revive his already expired limitations period. *Jiminez, supra.*

**3. Present Petition Untimely**

The present federal Petition was filed on January 24, 2007,(#1).  However, the Petitioner signed the Petition as of January 19, 2007.  Because it does not affect the outcome, the undersigned presumes the earlier date was the date of filing pursuant to the prisoner mailbox rule.  Based on the foregoing, the undersigned concludes that Petitioner's one year expired no later than May 16, 2005, and that his Federal habeas petition, presumed "filed" on January 19, 2007, was delinquent by some twenty months.

**4. Equitable Tolling**

The Ninth Circuit has held that § 2244(d) established a customary statute of limitations period "subject to equitable tolling." *Beeler*, 128 F.3d at 1288-89.  However, despite having replied in support of his Petition, Petitioner has not proffered any basis for equitable tolling, and the undersigned finds none.  Accordingly, Petitioner is not entitled to any equitable tolling, and his Petition is therefore untimely and must be dismissed with prejudice.

**B. EXHAUSTION AND PROCEDURAL BAR**

Because the undersigned finds Petitioner's Petition plainly barred by the statute of limitations, the undersigned does not address Respondents' exhaustion and procedural bar

1  defenses.

2

3  ### IV.  RECOMMENDATION

4  **IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of

5  Habeas Corpus, filed January 24, 2007 (#1) be **DISMISSED WITH PREJUDICE**.

6

7  ### V. EFFECT OF RECOMMENDATION

8  This recommendation is not an order that is immediately appealable to the Ninth

9  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

10 *Appellate Procedure*, should not be filed until entry of the district court's judgment.

11 However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

12 have ten (10) days from the date of service of a copy of this recommendation within which

13 to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

14 Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file

15 a response to the objections.   Failure to timely file objections to any factual or legal

16 determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*

17 *novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

18 Cir. 2003)(*en banc*).

19

20 DATED: December 19, 2007                                    _____

21                                                                                   JAY R. IRWIN
                                                                              United States Magistrate Judge

22

23

24

25

26

27

28